IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WIND DELL MINGO, JR.,

                    Plaintiff,

          v.                                CASE NO.  06-3162-SAC

ANDREW S. PARKS, et al.,

                    Defendants.

                        O R D E R

     This action was submitted on forms for filing a civil rights
complaint pursuant to 42 U.S.C. 1983 by an inmate at the
Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  He
has also filed a Motion for Leave to Proceed In Forma Pauperis[1]
(Doc. 2) and a Motion to Appoint of Counsel (Doc. 3).

     Plaintiff names as defendants the Warden and three employees
at Lansing Correctional Facility, Lansing, Kansas (LCF), where he
was previously confined, as well as the Kansas Secretary of
Corrections.  As the basis for his complaint, Mr. Mingo alleges
that on December 21, 2005, he was wrongfully accused of
threatening and intimidating his Unit Team counselor.  He alleges
he was handcuffed, slandered and sent to segregation where he was
strip searched.  He further alleges he was found guilty on
December 28, 2005, based upon the testimony of the Unit Team.
Apparently the threats against the Unit Team Counselor were

_____

     [1]
          If the court construes this action as a petition for writ of habeas corpus for reasons explained later
     herein, the filing fee is $5.00.  If this action proceeds as a civil rights complaint, the filing fee is $350, which
     plaintiff could be obligated to pay in full by submitting an initial partial filing fee to be determined and assessed
     by the court, and then making payments automatically removed from his inmate account by a finance officer
     at the prison, as funds become available, and sent to the clerk of the court.

written in a Form 9 inmate request.  Plaintiff claimed he had not written the Form 9 in question, and asked that it be sent to a KBI lab for handwriting analysis to determine whether or not it was his handwriting.  He complains that his request for this analysis was ignored, and claims the evidence presented regarding his handwriting was not sufficient.

Plaintiff was punished with 45 days segregation, 60 days "restrictions time", a $20 fine, 21 days loss of good time, and loss of medium custody for 3 years.  He also was transferred to a facility further from his family so that his mother and aunt have to drive 3 ½ hours rather than 25 minutes, and claims the transfer put his life and the life of his family at risk.  He states his family works for HCF or their subcontractor.

Plaintiff asserts that due process was violated because he was sent to segregation without a "real investigation" of the handwriting on the Form 9; he was subjected to cruel and unusual punishment when he was sent to segregation, strip searched and had sanctions imposed; his property, including religious materials was lost when he was transferred; he was forced to eat cold food with foreign objects in it; and that he was forced to sleep with roaches climbing up on him.

The court is asked to expunge the disciplinary report and remove all the sanctions, to order defendants to replace everything that was lost, and to grant him money damages and costs.

**SCREENING**

Because Mr. Mingo is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

First, it is not clear that plaintiff has totally exhausted administrative remedies on all his claims. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). Thus, a prisoner must either attach a copy to the complaint of applicable administrative dispositions, or "describe with specificity the administrative proceeding and its outcome." Id. A complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.

Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Thus, plaintiff must have presented each and every one of his claims for resolution through all available administrative levels.

Secondly, plaintiff may not seek money damages based upon challenges to prison disciplinary proceedings unless and until the findings by the disciplinary board have been overturned in cases where the inmate seeks restoration of good time so that the length of his incarceration is affected. Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997)(A state prisoner's claim for money damages is not cognizable under §1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.); Heck v. Humphrey, 512 U.S. 477, 487 (1994). Here, a judgment in favor of plaintiff would necessarily imply the invalidity of his disciplinary conviction for threatening and intimidating. Since plaintiff has not shown that his conviction has previously been invalidated, his request for damages resulting from his prison disciplinary proceedings must be dismissed based on Heck and Edwards.

Finally, because plaintiff is seeking to have good time credits restored, his sole remedy in federal court is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, after he has exhausted all available remedies under state law. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). It does not

appear that plaintiff has presented his claims to the state district court and state appellate courts.

Plaintiff is ordered to show cause why his claims should not be dismissed, without prejudice, for failure to adequately plead exhaustion of administrative remedies on each claim, as premature under <u>Balisok</u> and <u>Heck</u>, and as not properly raised in a civil rights complaint.

**IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed without prejudice for the reasons stated herein.**

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2006, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**